# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL A. PATTERSON

    *Plaintiff*,

vs.

GOODYEAR TIRE AND RUBBER COMPANY,

    *Defendant.*

Case No. 08-2060-EFM

## MEMORANDUM AND ORDER

Plaintiff Michael A. Patterson worked for Defendant Goodyear Tire and Rubber Company for approximately thirteen years before being terminated in February 2007. The Court recently granted Defendant summary judgment as to all of Plaintiff's claims, with the exception of Plaintiff's FMLA retaliation claim.[1] Before the Court is Defendant's Motion for Reconsideration (Doc. 175). For the following reasons, the Court denies Defendant's motion.

### I. Legal Standard

D. Kan. Rule 7.3(b) applies to non-dispositive motions. "Under D. Kan. Rule 7.3(b), a motion to reconsider must be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[2]

---

[1] *See* Doc. 174.

[2] *Meister v. Kansas City*, 2009 WL 3711963, at *1 (D. Kan. Nov. 5, 2009) (citations omitted). The legal standard for reconsideration under D. Kan. Rule 7.3(b) for reviewing non-dispositive orders and Fed. R. Civ. P. 59(e) for altering or amending judgment are substantially the same. *See Ferluga v. Eickhoff*, 236 F.R.D. 546, 548 (D. Kan. 2006).

"Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."[3] "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[4] Whether to grant a motion for reconsideration is within the court's discretion.[5]

## II. Analysis

Defendant contends that the Court committed clear error in finding that close temporal proximity existed between Plaintiff's protected activity and Defendant's adverse employment action. The Court's decision stands. Plaintiff was terminated less than one month after returning to work from FMLA leave (or from a union strike) indicating close temporal proximity.[6]

Defendant argues that even if the Court's decision stands with respect to the prima facie case, the Court should reconsider its decision on whether Plaintiff sufficiently demonstrated pretext.[7] Defendant asserts that the Court noted that there was only a weak issue of fact as to whether Plaintiff was treated more harshly than similarly situated employees and that it appeared that the Court relied on Plaintiff's lack of specific evidence to create a question of fact. However, Plaintiff did provide

---

[3]*Cont'l Cas. Co. v. Multiservice Corp.*, 2009 WL 2409584, at *1 (D. Kan. Aug. 5, 2009) (citation omitted).

[4]*Id.* (citation omitted).

[5]*Nat'l Labor Relations Bd. v. Midwest Heating & Air Conditioning, Inc.,* 2008 WL 4330022, at * 1 (D. Kan. Sept. 16, 2008).

[6]The Court previously determined that the record was unclear as to whether FMLA leave was accruing during the union strike. Regardless or whether it was accruing or not, Plaintiff was not at work from the time he exercised his right to FMLA leave in late September or early October until early January. As such, he was only present on the job for approximately one month when he was terminated.

[7]Defendant also argues that Plaintiff did not brief the issue of pretext with respect to his FMLA retaliation claim. Therefore, Defendant argues that Plaintiff conceded this argument. However, Defendant addressed Plaintiff's "pretext argument" in its reply. As such, the Court concludes that both Defendant and the Court were aware of Plaintiff's arguments with respect to pretext.

some evidence to create a question of fact. As previously noted, there appears to be a question of fact as to how or when last chance agreements are enforced which is directly applicable to Defendant's asserted reason for terminating Plaintiff. Defendant does not identify clear error in the Court's Order. As such, the Court denies Defendant's motion.

**IT IS ACCORDINGLY ORDERED** that Defendant's Motion for Reconsideration (Doc. 175) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 25th day of May, 2011.

    s/ Eric F. Melgren
HONORABLE ERIC F. MELGREN
UNITED STATES DISTRICT COURT JUDGE