# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL A. PATTERSON

*Plaintiff*,

vs.

Case No. 08-2060-EFM

GOODYEAR TIRE AND RUBBER COMPANY,

*Defendant.*

## ORDER MEMORIALIZING AUGUST 11, 2011 RULING

At the close of plaintiff Michael A. Patterson's evidence in the trial, defendant Goodyear made an oral motion for Judgment as a Matter of Law pursuant to Fed.R.Civ.P. 50(a) on plaintiff's claim of FMLA retaliation. After hearing arguments and carefully considering the evidence presented, the Court made oral findings of fact and conclusions of law. For the reasons stated on the record and memorialized below, the Court grants defendant's motion.

## I. Standard

Under Federal Rule of Civil Procedure 50(a) a court may grant judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on the issue."[1] A moving party "is entitled to a judgment if the evidence points but one way and is susceptible to no reasonable inferences which may support

---

[1] Fed.R.Civ.P. 50(a)(1).

the opposing party's position."[2]  "The question is not whether there is literally no evidence supporting the nonmoving party but whether there is evidence upon which a jury could properly find for that party."[3]  For a jury to properly find for a party, "more than a scintilla of evidence" must be presented to support a claim.[4]

In considering a motion for judgment as a matter of law, the court reviews all of the evidence in the record and construes it in the light most favorable to the nonmoving party.[5]  The court must refrain from making credibility determinations and weighing the evidence.[6]

## II. Discussion

The Court previously granted the majority of Goodyear's motion for summary judgment, leaving only the claim of FMLA retaliation for the jury's consideration.  As this court explained on the record, the Plaintiffs presented no evidence - and certainly not more than a scintilla - that Plaintiff's use of FMLA leave was a substantial and motivating factor for Goodyear's termination decision.  And there was no substantial evidence from which a jury could find there was a nexus between Plaintiff's prior FMLA leave and Goodyear's decision to terminate him.

In this court's summary judgment order, the issues remaining for trial were precisely outlined:

---

[2] *Deters v. Equifax Credit Info Servs., Inc.*, 202 F.3d 1262, 1268 (10th Cir. 2000) (quotations omitted).

[3] *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 685 (10th Cir. 2007).

[4] *Id.* (citing *Century 21 Real Estate Corp. v. Meraj Int'l Inv. Corp.*, 315 F.3d 1271, 1278 (10th Cir. 2003)).

[5] *Tyler v. Re/Max Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000) (citing *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000)).

[6] *Id.*

Athough several of Plaintiff's asserted reasons for pretext are not supported by the cited record, the Court concludes that several issues may demonstrate that there is a factual dispute as to whether Plaintiff's termination was pretextual. In particular, it is not clear from the record how or when last-chance agreements are actually enforced . . . [and] the Court cannot conclude whether defendant had an unwritten policy or practice with respect to allowing several last-chance agreements before termination. This, in turn, leads to the question of whether plaintiff was treated more harshly than any similarly situated employees. As such, the Court denies defendant's motion for summary judgment on this claim.[7]

Despite the fact that this issue was specifically reserved for trial, Plaintiff failed to present any evidence about defendant's unwritten policy or practice of allowing several last-chance agreements before termination, or about this plaintiff being treated more harshly than other similarly situated employees. Any evidence that was presented was not sufficient to establish a nexus between the FMLA leave and any alleged retaliation. As such, as a matter of law, no jury could reasonably or lawfully find that there was a nexus between the prior FMLA leave that Plaintiff had taken and the decision Goodyear made to terminate Plaintiff's employment. Accordingly, defendant's motion for a directed verdict is granted.

**IT IS ACCORDINGLY ORDERED** that Defendant's Oral Motion for Directed Verdict is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 12th day of August, 2011, in Wichita, Kansas.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[7] Doc. 174 p. 26.